People ex rel. Padilla v Maginley-Liddie (2025 NY Slip Op 06957)

People ex rel. Padilla v Maginley-Liddie

2025 NY Slip Op 06957

Decided on December 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2025-14785

[*1]The People of the State of New York, ex rel. Alexis G. Padilla, on behalf of Lorenzo Stephens, petitioner,
vLynelle Maginley-Liddie, etc., respondent.

Alexis G. Padilla, Brooklyn, NY, petitioner pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Jonathan Brewer, and Patricia E. Stewart of counsel), for respondent.
Writ of habeas corpus in the nature of an application to release Lorenzo Stephens upon his own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 74111/2025.

ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail upon Queens County Indictment No. 74111/2025 is set in the sum of $250,000 posted in the form of an insurance company bail bond, the sum of $250,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $150,000 deposited as a cash bail alternative, on condition that, in addition to posting a bond or depositing the cash alternative set forth above, Lorenzo Stephens shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Queens County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the Supreme Court, Queens County; (2) remain confined to his residence, except for visits to his place of employment, his attorney, his doctors, or court, and must travel directly from his residence to his place of employment, his attorney, his doctors, or court, and directly back to his residence, when conducting those visits; (3) surrender all passports, if any, he may have to the Office of the District Attorney of Queens County, or, if he does not possess a passport, he shall provide to the Office of the District Attorney of Queens County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Queens County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to the Office of the District Attorney of Queens County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Queens County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Lorenzo Stephens (1) has given an insurance company bail bond in the sum of $250,000, has given a partially secured bond in the sum of $250,000 with the requirement of 10% down, or has deposited the sum of $150,000 as a cash bail alternative; (2) has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c); (3) has surrendered all passports, [*2]if any, he may have to the Office of the District Attorney of Queens County, or, if he does not possess a passport, has provided to the Office of the District Attorney of Queens County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Queens County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) has provided to the Office of the District Attorney of Queens County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Queens County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Lorenzo Stephens is incarcerated, or his or her agent, is directed to immediately release Lorenzo Stephens from incarceration.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court